IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Plaintiff,                    No. CIV S-11-2915 GEB EFB PS

    vs.

CARL M. CAMPBELL, JR.,

       Defendant.             ORDER AND
                                  FINDINGS AND RECOMMENDATIONS
_____/

       On November 3, 2011, defendant, proceeding pro se, filed a notice of removal of this

unlawful detainer action from the Superior Court of the State of California for Placer County.

Dckt. No. 1.   This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and

Eastern District of California Local Rule 302(c)(21).

       This court has an independent duty to ascertain its jurisdiction and may remand sua

sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of

establishing federal jurisdiction is on the party seeking removal, and the removal statute is

strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right

of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As

explained below, defendant has failed to meet that burden.

Defendant's notice of removal is predicated upon the court's federal question jurisdiction.  Dckt. No. 1 at 2, 3.  However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. *Id.* at 9-12 (Compl.).  Therefore, because defendant has not adequately established that plaintiff's complaint alleges a federal claim,[1] the court lacks subject matter jurisdiction and must remand the case.[2]  *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on March 14, 2012 is vacated.[3]

IT IS FURTHER RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Placer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] Nor has defendant established that this court has diversity jurisdiction.

[2] It is also unclear whether the notice of removal was timely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, although the complaint was filed in state court on August 11, 2011, defendant does not indicate when defendant was served with or otherwise received a copy of the complaint.  Dckt. No. 1 at 1, 9.

Additionally, although defendant's notice of removal indicates that a demurrer was filed in state court, which the state court did not sustain, Dckt. No. 1 at 3, defendant failed to file a copy of any opposition to the demurrer or any state court order sustaining the demurrer, as required by 28 U.S.C. § 1446(a).  *See* 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

[3] As a result, the parties are not required to submit status reports as provided in the November 3, 2011 order.  *See* Dckt. No. 3.  However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated:  November 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE